## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

MICHELLE MORTON,

     Plaintiff,

v.

UNITED STATES OF AMERICA and
PAUL ROLSTON,

     Defendants.

CIVIL ACTION

Case No. 4:18-cv-177

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendants and alleges as follows:

### <u>Jurisdiction</u>

1. This Court has jurisdiction of this action under 28 U.S.C. §§1331 and 1346 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972) and 28 U.S.C. §2671, et. seq., Federal Tort Claims Act.

2. Plaintiff filed a claim under the Federal Tort Claims Act March 20, 2017 (attached as Exhibit A), which was acknowledged by the Bureau of Prisons April 3, 2017 (attached as Exhibit B), but never responded to.

3. Plaintiff has exhausted her administrative remedies and obtained the relief that the administrative remedies could afford.

4. Plaintiff has otherwise performed all acts precedent to bringing this suit or such acts have been waived.

## Parties

5. At all times material hereto, Plaintiff MICHELLE MORTON was a federal prisoner confined in FCI Tallahassee, in Tallahassee, Florida, which facility is within the Northern District of Florida.

6. At all times material hereto, Defendant PAUL ROLSTON was a Physicians' Assistant at FCI Tallahassee, which facility is within the Northern District of Florida. Defendant Rolston acted in the course and scope of his employment.

7. At all times material hereto, Defendant UNITED STATES OF AMERICA owned and operated a corrections facility known as FCI Tallahassee and were the employers of Defendant ROLSTON.

## Common Allegations of Fact

8. During 2015-2016, Plaintiff Michelle Morton was an inmate at FCI Tallahassee, federal corrections facility under the care and custody of that facility and was a person to whom Defendants owed a duty of care.

9. Defendant Paul Rolston was a Physician's Assistant at FCI Tallahassee with duties that involved the care of inmate Michelle Morton.

10. Empowered by his position and abetted by other prison officials, Rolston took the opportunity to sexually abuse Ms. Morton at least four times.

11. On at least four occasions between April 16, 2015 and May 17, 2016, Rolston sexually abused Ms. Morton by vaginal and rectal penetrations, at least some ungloved, that were uncalled for and abusive.

12. Rolston threatened Morton that she would not get medical services if she did not submit to his abusive fondling and probing.

13. Rolston had a practice of sexually abusing female inmates at FCI.

14. Rolston used his job and FCI resources to target women for sexual abuse.

15. On April 16, 2015, Plaintiff saw Rolston, complaining of lower back pain.

16. Rolston insisted on doing a pelvic, breast, and rectal exam.

17. Rolston insisted that Plaintiff become entirely naked.

18. Rolston used his ungloved hands to massage Plaintiff's vaginal lips.

19. Rolston explained that he was feeling for nodules and open sores.

20. Plaintiff responded that she had not complained of nodules or open sores.

21. Rolston then jammed two fingers into her vagina, his hand still ungloved.

22. Rolston moved his fingers in and out, asking, "How does this feel?"

23. Rolston then made Plaintiff stand up, turn around, bend over and spread her buttocks apart. He inserted what felt like two fingers into her rectum.

24. Plaintiff later discovered that Rolston had fabricated medical records to make it appear Plaintiff had a history of herpes, which was false.

25. On November 9, 2015, Plaintiff again saw Rolston for lower back pain.

26. Rolston told her that the only way she would get an MRI was to allow him to do a rectal exam "to see if she had bulging discs."

27. Plaintiff knew she would not get medical treatment if she did not comply.

28. Rolston stood so close she could feel his body against her buttocks.

29. Rolston jammed what felt like two fingers into her rectum.

30. Rolston moved his fingers around for several minutes.

31. Later, Plaintiff called family members who told her that this kind of examination did not seem to be appropriate for a complaint of back pain.

32. Plaintiff then complained to Ms. Gomes who responded that Rolston did nothing wrong and that if she said anything further she would be confined.

33. Gomes said she'd go to the Special Housing Unit (SHU) and be transferred.

34. On December 8, 2015, Plaintiffs saw Rolston for a urinary tract infection, urinary incontinence, and lower back pain.

35. Rolston told Plaintiff she also needed to have a Pap smear.

36. Plaintiff told Rolston she just had a Pap smear six months earlier.

37. Rolston said the Pap smear had come back abnormal and had to be redone.

38. Again, Rolston had Plaintiff get completely undressed, did a breast exam, pinching her nipples on one breast while massaging the other.

39. He kneaded her vaginal lips with both hands, massaged her clitoris, again claiming to be looking for nodules.

40. Plaintiff had never complained of nodules.

41. Rolston inserted two fingers inside her vagina and put his other hand on her abdomen asking her, "how does this feel?"

42. Rolston was pressing his body against the inside of her thighs.

43. Rolston continued for what seemed like several minutes.

44. Rolston did not wear gloves or use lubrication.

45. On May 17, 2016, Plaintiff went to sick call for what she thought was a urinary tract infection and other issues.

46. Rolston once again said he had to do a vaginal exam.

47. This time there was no female chaperone present.

48. When Plaintiff inquired, Rolston said a female chaperone was discretionary.

49. Next time Plaintiff had a UTI, she sent Rolston a message saying that she believed she had a UTI but did not want a vaginal exam and that she knew it was not normal to do a vaginal exam every time someone had a UTI.

50. Plaintiff felt that she was coerced not only by Rolston but by Gomes and other officials and warned against complaining with the threat of being locked up and transferred as the price of getting medical care.

51. Although Plaintiff complained, by reason of her status as a prisoner, Ms. Morton was unable to resist this predatory behavior.

52. Discovery will show that officials at FCI Tallahassee were aware of Rolston's sexual predations and enabled and covered for them.

53. Morton stated to prison officials that Rolston had sexually abused her, however at that time, she did not realize how she had been targeted by him.

54. Nevertheless, Morton fully expected Rolston to suffer consequences.

55. Morton was informed that Rolston would not be prosecuted.

56. Morton vigorously protested the failure to properly investigate, preserve available evidence, interview known witnesses and prosecute Rolston.

57. The acts of the Defendant Rolston violated Plaintiff's constitutional rights, were wrongful as a matter of both federal and Florida law and without justification under any applicable federal statute or rule.

58. Defendant Rolston was acting within the course and scope of his employment at the time of the wrongful acts.

59. FCI Tallahassee had an informal policy of turning a blind eye to abuse.

60. FCI officials enabled and abetted Rolston in his sexual predation.

61. FCI officials failed to timely implement PREA regulations.

62. Because of the Defendants' wrongful acts, Plaintiff has suffered physical injury and emotional distress and is entitled to damages.

## Causes of Action

### I.  Cruel and Unusual Punishment (Eighth Amendment) Rolston

63. Plaintiff Morton is entitled to relief against Defendant Rolston because on at least four occasions he violated her Eighth Amendment rights by performing coercive sexual acts involving sexual penetration, as more fully set out in the Common Allegations above.

64. Defendant Rolston intended to cause this harmful and offensive contact.

65. The sexual abuse of Plaintiff by Rolston was accomplished under color of law and subjected and caused Plaintiff to be deprived of rights, privileges or immunities secured by the Eighth Amendment to the U.S. Constitution.

66. Repeated sexual abuse is not part of the penalty criminal offenders pay for their offenses against society and constitutes a cognizable claim of cruel and unusual punishment under the Eighth Amendment.

67. As a result of the sexual abuse of Plaintiff by Defendant Rolston, Plaintiff suffered physical trauma and invasion of her person, suffered and continues to suffer physical harm, emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

WHEREFORE, Plaintiff seeks compensatory and punitive damages and costs against Defendant Rolston, and such other relief as justice may require.

## II. Federal Tort Claims Act Claim (Negligence) as to the United States

68. Plaintiff is entitled to relief against Defendant, United States of America because it breached its duty of care to Plaintiff, an inmate in its care and

custody, as more fully set out in the Common Allegations above, in that it negligently operated and managed FCI Tallahassee by:

a. Hiring, retaining and entrusting Defendant Rolston who is, and was or should have been known to Defendant to be of such poor moral character, temperament, and disposition as to be unfit to be hired and retained as a medical provider with power over the Plaintiff.

b. Failing to implement such policies and procedures for the operation and management of FCI Tallahassee as would reasonably protect Plaintiff and others detained or incarcerated in the corrections facility from Defendant Rolston or other predatory corrections facility employees.

c. Failing to properly supervise, investigate, and review the operation and management of the corrections facility and the activities and performance of Defendant Rolston as an employee.

d. Failing in the course of its investigation of the sexual abuse of other inmates to protect subsequent victims like Morton.

e. Failing in the course of its investigation of Rolston's sexual abuse of Morton to protect other inmates abused by Rolston.

69. The negligence of Defendant United States of America was wrongful as a tort under the law of Florida and of the United States and without excuse or justification under any applicable state or federal statute or rule.

70. As a result of the wrongful acts of Defendant United States of America, Plaintiff suffered physical trauma and invasion of her person, suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

WHEREFORE, Plaintiff seeks compensatory damages and costs against Defendant UNITED STATES OF AMERICA.

### III.    Federal Tort Claims Act (Battery) as to Defendant United States

71. Plaintiff is entitled to relief against the United States of America because Defendant Rolston sexually battered her under the color of law, as more fully set out in the Common Allegations, above.

72. Defendant Rolston performed sexual acts on Plaintiff without her freely-given consent and such acts were wrongful as a tort under the law of Florida and of the United States and without justification or excuse under any applicable state or federal statute or rule.

73. In committing the abuse, Defendant Rolston was acting within the course and scope of his employment with Defendant United States of America, using the powers given him by his employers.

74. As a result of the abuse by Defendant Rolston, Plaintiff suffered physical trauma and invasion of her person, suffered and continues to suffer great

emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

WHEREFORE, Plaintiff seeks compensatory damages and costs against Defendant UNITED STATES OF AMERICA.

### **Prayer for Relief**

WHEREFORE, the Plaintiff respectfully seeks judgment as follows:

A. That the Court assume jurisdiction over this action;

B. Declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution and Laws of the United States and Florida;

C. Award compensatory damages against each of the defendants herein;

D. Award punitive damages against Individual Defendants under federal law;

E. Provide a trial by jury on all issues so triable;

F. Such further relief as the Court deems just and proper.

Respectfully Submitted,

*s/James V. Cook*_____
JAMES V. COOK, ESQ.
Florida Bar Number 966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
Fax: 850 561-0836
cookjv@gmail.com

RICHARD E. JOHNSON, ESQ.
Florida Bar Number 858323
richard@nettally.com

MELISSA A. HORWITZ
Florida Bar Number 017333
melissah@nettally.com
Law Office of Richard E. Johnson
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 425-1997; 561-0836 fax

Attorneys for Plaintiff