IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHELLE MORTON,

   Plaintiff,

v.            Case No. 4:18cv177-RH/CAS

UNITED STATES OF AMERICA &
PAUL ROLSTON,

   Defendants.
_____/

## ANSWER TO COMPLAINT BY THE UNITED STATES

   Defendant, United States of America (the Government), answers the complaint filed by Plaintiff, Michelle Morton, and raises defenses, as follows:

### JURISDICTION

   1. The Government admits that the complaint purports to bring an action under the Federal Tort Claims Act (FTCA), and that the FTCA waives sovereign immunity and provides for subject matter jurisdiction over certain claims. Because the jurisdictional allegations regarding

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972), relate to Defendant Rolston, the Government does not respond to them. Otherwise, denied.

2.   The Government admits that Plaintiff filed an FTCA claim on March 17, 2017, that the Federal Bureau of Prisons acknowledged receipt, and that BOP has not resolved the claim. Otherwise, denied.

3.   Admitted.

4.   Admitted.

## PARTIES

5.   The Government admits that Plaintiff was an inmate at Federal Correctional Institution-Tallahassee (FCI Tallahassee) from April 27, 2010 to September 16, 2016. The Government admits that FCI-Tallahassee is in the Northern District of Florida. Otherwise, denied.

6.   The Government admits that Defendant Paul Rolston is employed as a physician's assistant at FCI Tallahassee, which is in the Northern District of Florida. The Government lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 6, and therefore denies them.

7. The Government admits that it has operated FCI Tallahassee and that Defendant Rolston is and has been a BOP employee. Otherwise, denied.

## COMMON ALLEGATIONS OF FACT

8. Admitted.

9. Admitted.

10. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 10, and therefore denies them.

11. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 11, and therefore denies them.

12. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 12, and therefore denies them.

13. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 13, and therefore denies them.

14. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 14, and therefore denies them.

15. The Government admits that BOP records indicate that Defendant Rolston treated Plaintiff on April 16, 2015. The Government

lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 15, and therefore denies them.

    16.    The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 16, and therefore denies them.

    17.    The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 17, and therefore denies them.

    18.    The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 18, and therefore denies them.

    19.    The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 19, and therefore denies them.

    20.    The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 20, and therefore denies them.

    21.    The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 21, and therefore denies them.

    22.    The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 22, and therefore denies them.

    23.    The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 23, and therefore denies them.

24. The Government admits that BOP records indicate that Plaintiff has a history of herpes. The Government lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 24, and therefore denies them.

25. The Government admits that BOP records indicate that Defendant Rolston treated Plaintiff on November 9, 2015. The Government lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 25, and therefore denies them.

26. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 26, and therefore denies them.

27. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 27, and therefore denies them.

28. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 28, and therefore denies them.

29. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 29, and therefore denies them.

30. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 30, and therefore denies them.

31. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 31, and therefore denies them.

32. Denied.

33. Denied.

34. The Government admits that BOP records indicate that Defendant Rolston treated Plaintiff on December 8, 2015, and that such records indicate a possible urinary tract infection. The Government lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 34, and therefore denies them.

35. The Government admits that BOP records indicate that Plaintiff was scheduled for a pap smear on December 8, 2015. The Government lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 35, and therefore denies them.

36. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 36, and therefore denies them.

37. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 37, and therefore denies them.

38. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 38, and therefore denies them.

39. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 39, and therefore denies them.

40. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 40, and therefore denies them.

41. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 41, and therefore denies them.

42. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 42, and therefore denies them.

43. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 43, and therefore denies them.

44. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 44, and therefore denies them.

45. The Government admits that BOP records indicate that Defendant Rolston treated Plaintiff on May 17, 2016. The Government lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 45, and therefore denies them.

46. The Government admits that BOP records indicate that Plaintiff had a vaginal examination on May 17, 2016. The Government

lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 46, and therefore denies them.

47. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 47, and therefore denies them.

48. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 48, and therefore denies them.

49. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 49, and therefore denies them.

50. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 50, and therefore denies them.

51. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 51, and therefore denies them.

52. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 52, and therefore denies them.

53. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 53, and therefore denies them.

54. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 54, and therefore denies them.

55. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 55, and therefore denies them.

56. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 56, and therefore denies them.

57. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 57, and therefore denies them.

58. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 58, and therefore denies them.

59. Denied.

60. Denied.

61. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 61, and therefore denies them.

62. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 62, and therefore denies them.

## EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT CLAIM AGAINST ROLSTON

63. Paragraph 63 applies to Defendant Rolston. Accordingly, the Government does not respond to Paragraph 63.

64. Paragraph 64 applies to Defendant Rolston. Accordingly, the Government does not respond to Paragraph 64.

65. Paragraph 65 applies to Defendant Rolston. Accordingly, the Government does not respond to Paragraph 65.

66. Paragraph 66 applies to Defendant Rolston. Accordingly, the Government does not respond to Paragraph 66.

67. Paragraph 67 applies to Defendant Rolston. Accordingly, the Government does not respond to Paragraph 67.

The unnumbered paragraph below paragraph 67 is the prayer for relief against Defendant Rolston. Accordingly the Government does not respond to that unnumbered paragraph.

## FEDERAL TORT CLAIMS ACT
## NEGLIGENCE CLAIM AGAINST THE UNITED STATES

68. Denied.

69. Denied.

70. Denied.

The unnumbered paragraph below paragraph 70 contains Plaintiff's prayer for relief on her negligence claim. The Government denies that Plaintiff is entitled to any relief against it.

## FEDERAL TORT CLAIMS ACT
## BATTERY CLAIM AGAINST THE UNITED STATES

71. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 71, and therefore denies them.

72. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 72, and therefore denies them.

73. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 73, and therefore denies them.

74. The Government lacks sufficient knowledge to admit or deny the allegations of paragraph 74, and therefore denies them.

The unnumbered paragraph below paragraph 74 contains Plaintiff's prayer for relief on her battery claim. The Government denies that Plaintiff is entitled to any relief against it.

## PRAYER FOR RELIEF

This unnumbered paragraph and its subparts (A) through (F) represents Plaintiff's "Prayer for Relief" and as such, require no response. To the extent that the paragraph may require a response, the Government denies that Plaintiff is entitled to the relief sought.

## DEFENSES

Having responded to the allegations contained in the complaint, the Government raises the following defenses:

1. The United States is not subject to suit, and is not liable, for any acts committed outside the scope of any employee's employment.

2. The United States is not subject to suit, and is not liable, for any acts or omissions of an employee of the Government exercising due care in the execution of a statute or regulation.

3. The United States is not subject to suit, and is not liable, for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

4. The complaint fails to state a claim upon which relief can be granted.

5. The injuries and harm alleged by Plaintiff, if any, were not proximately caused by the negligent or wrongful acts of an agent or employee of the United States working within the scope of their employment.

6. Any state or federal common or statutory law that limits the liability of a private individual, or the damages awarded, under similar circumstances to those alleged in the complaint, shall limit or preclude Plaintiff's recovery against the Government.

7. Plaintiff's damages, if any, are limited to the amount claimed in administrative claim to the BOP.

8. Under 28 U.S.C. §2402, Plaintiff is not entitled to a jury trial on her claims against the United States.

9. Under 28 U.S.C. §2678, Plaintiff is not entitled to a separate award of attorney's fees.

10. Plaintiff is not entitled to punitive damages against the Government.

11. Plaintiff is not entitled to prejudgment interest against the Government.

12. Any damages demanded by Plaintiff shall be reduced by the amount of collateral sources, including but not limited to benefits, paid or payable, or otherwise available to Plaintiff.

13. Plaintiff's damages, if any, are limited by any failure to mitigate such damages.

14. The Government hereby specifically preserves any and all other defenses, not currently known, which it has or through discovery learns may be applicable.

Respectfully submitted on July 6, 2018,

CHRISTOPHER P. CANOVA
United States Attorney

*/s/ Andrew J. Grogan*
ANDREW J. GROGAN
Assistant United States Attorney
Northern District of Florida
Florida Bar No. 85932
Northern District of Florida
111 N. Adams Street, 4th Floor
Tallahassee, FL 32301
(850) 942-8430
andrew.grogan@usdoj.gov