UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHELLE MORTON,

    Plaintiff,

v.                                  CASE NO. 4:18-cv-177-RH/MAF

UNITED STATES OF AMERICA
and PAUL ROLSTON,

    Defendants.
_____/

## PLAINTIFF'S TRIAL BRIEF

Plaintiff Michelle Morton alleges Defendant Paul Rolston, a Physician's Assistant for the Federal Bureau of Prisons, sexually abused her during four medical appointments occurring on April 16, 2015, November 8, 2015, December 9, 2015, and May 17, 2016. She sues Defendant Rolston in his personal capacity for violation of her civil rights. Ms. Morton further alleges that the United States was negligent for hiring and failing to supervise Mr. Rolston, failing to investigate, and failing to implement policies that would have protected Ms. Morton. She further alleges Defendant United States is liable in tort for the sexual battery itself because it was committed "under color of law."

Plaintiff's exhibit list includes only 21 items. It is doubtful that as many as 10 will need to be used. The Plaintiff herself will be her main witness. She will describe the four gynecological examinations in which Defendant Rolston used his status and authority to take sexual liberties with her. She will describe the background, the damage she has suffered, and Rolston's reputation for perpetrating similar offenses on other women. She will recount her efforts to use the internal system for redress.

The remainder of the testimony in Plaintiff's case will consist of testimony from other female inmates on whom Defendant Rolston perpetrated similar sex offenses in the course of gynecological exams. They will also describe the knowledge of prison authorities and other inmates of Rolston's sexual misconduct.

Plaintiff expects both Defendants to contest the testimony of the other inmates on various grounds. Plaintiff expects this to be the biggest issue in the trial.

## MEMORANDUM OF LAW

Fed.R.Evid. 404(b) prohibits the admission of evidence of other bad acts offered only for the purpose of showing that the person acted in conformity with those acts. This evidence is, however, admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This is not an exhaustive list. The evidence of other bad acts must be "probative of a material issue other than character." *Huddleston v. United*

*States*, 485 U.S. 681, 686 (1988).

Four general requirements emanating from Rule 404(b) and other relevancy rules must be met before evidence of prior acts will be admissible:

(1) the evidence must be offered for a proper purpose under Rule 404(b);

(2) the evidence must be relevant;

(3) the trial court must make a Rule 403 determination that the probative value of the similar acts evidence is not substantially outweighed by its potential for unfair prejudice; and

(4) under Rule 105, the trial court must, upon request, instruct the jury that the evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

This general issue has been known for years to evidence scholars as "other acts of discrimination" or "similar fact evidence." A more recent term, "me-too evidence" began as a belittling term aimed at discrediting witnesses who give this sort of testimony. But in the wake of a movement arising generally in the wake of the scandals involving film producer Harvey Weinstein, the term became a badge of honor, worn proudly by survivors of sexual abuse by authority figures. This writer no longer abjures the term.

There is a tremendous body of case law and legal scholarship on "me too"

3

evidence. But for this case, we need only the overarching principles laid out by the Supreme Court in *Huddleston*, *supra*, and in a few authoritative Eleventh Circuit cases, which seem to fall in line with the cases of other circuits.

The earliest and most-cited case in this Circuit is *Phillips v. Smalley Maint. Services*, 711 F.2d 1524, 1532 (11th Cir. 1983) (testimony by female former employee that she had suffered similar treatment to that alleged by plaintiff was properly admitted to prove employer's motive, intent or plan). The Court used Rule 404(b), additionally, to admit evidence of the plaintiff's financial vulnerability to show the employer's motive, intent, and plan in using its power over her to take advantage of her subordinate position. *Id*.

The plaintiff in *Griffin v. City of Opa Locka*, 261 F.3d 1295, 1324-15 (11th Cir. 2001), used 42 U.S.C. §1983 in stead of Title VII for a sexual harassment case against the city employing her. This was for a rape by the city manager. The city appealed a verdict of some $2 million. On appeal, the city argued that it was entitled to a new trial because the court admitted testimony of certain witnesses and evidence of city manager's prior bad acts of sexual harassment for the purpose of showing propensity. The 11th Circuit overruled this point and stated, "What the City fails to recognize, however, is that the evidence of Neal's prior bad acts was directly related to [plaintiff's] claims that the City had a custom or policy of condoning sexual

4

harassment and was deliberately indifferent in hiring Neal." Because the evidence was critical to the determination of whether a reasonable background investigation would have made it obvious that Neal would sexually harass females if hired by the City and because the evidence would show the City had a policy of condoning such conduct, the prejudice of admitting the testimony did not outweigh its probative value.

In *Goldsmith v. Bagby Elevator Co., Inc.,* 513 F.3d 1261, 1285-87(11th Cir. 2008), the court provided what is perhaps its fullest discussion of the "me-too" issue. The testimony of other co-workers about the discriminatory and retaliatory experiences they suffered were probative of both (a) the decision-makers' intent to discriminate, and (b) the company's intent to retaliate against any black employee who complained about racial slurs in the workplace. It was also relevant to refute the company's "good faith" defense because it pertained to whether the anti-discrimination and anti-retaliation policies of the company were effective.

The trial court had admitted the "me too" evidence on the basis of Fed.R.Evid. 406. The appeals court found that to be the right decision for the wrong reason. There were not enough examples to infer a company habit under Rule 406. But there was enough to admit the evidence under Rule 404(b) and, additionally, under Rule 402. In a holding that is especially apt in this case, the court noted that while motive,

intent, and plan were reasons for admission, they were not the only ones. The company's reliance on its policies and procedures opened the door for evidence that the policies and procedures were not as good as proclaimed. *Id*., at 1287.

### FINDINGS OF FACT/CONCLUSIONS OF LAW

There is a motion for bifurcation pending but it has not been disposed. The current posture of the case is a jury trial and a bench trial proceeding together. Plaintiff believes the jury's verdict will provide the court all the findings of fact and conclusions of law necessary to issue judgment in the bench trial.

Respectfully submitted,

*/s/ Richard E. Johnson*
Richard E. Johnson
Florida Bar No. 858323
richard@nettally.com
Law Office of Richard E. Johnson
314 West Jefferson Street
Tallahassee, Florida 32301
850/ 425-1997
850/561-0836 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via the court's CM/ECF system this 14th day of May, 2020.

>                                    */s/ Richard E. Johnson*
>                                    Richard E. Johnson

## CERTIFICATE OF COMPLIANCE

Pursuant to Local rule 7.1(F), I hereby certify that this brief was prepared using proportionately spaced Times New Roman 14 point font and contains 1149 words in the pertinent sections.

>                                    */s/ Richard E. Johnson*
>                                    Richard E. Johnson